ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL III

| | | |
|---|---|---|
| ALEX BERRIOS LAUREANO<br><br>Peticionario<br><br>V.<br><br>DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN<br><br>Recurrido | KLRA202500268 | Revisión Judicial procedente de Departamento de Corrección y Rehabilitación, División Remedios Administrativo<br><br>Núm. De Solicitud: GMA1000-30-25<br><br>Sobre: Estímulo Económico |

Panel integrado por su presidente, el Juez Candelaria Rosa, el Juez Salgado Schwarz y el Juez Monge Gómez.

Salgado Schwarz, Carlos G., Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 15 de julio de 2025.

Comparece ante nos Alex Berríos Laureano ("Sr. Berríos" o "Recurrente") y nos solicita que revisemos la determinación emitida el 17 de abril de 2023 por la División de Remedios Administrativos del Departamento de Corrección y Rehabilitación ("DCR"), así como la Respuesta a Reconsideración denegando la petición.

Por los fundamentos que exponemos a continuación, se **_desestima_** el recurso por falta de jurisdicción.

-I-

A continuación, exponemos los hechos pertinentes a la controversia ante nos.

El 11 de marzo de 2024, el Recurrente presentó una _Solicitud de Remedio Administrativo_[1] solicitando el pago

---

[1] Véase Apéndice del recurso administrativa.

Número Identificador:
RES_____

del estímulo económico federal de $600, $1,200 y $1,400. Posteriormente, el 7 de mayo de 2024, la División de Remedios Administrativos emitió una *Respuesta del Área Concernida/Superintendente*[2] en la que declaró que la reclamación "*debe hacerse directamente al Departamento de Corrección o al Departamento de Hacienda, ya sea por escrito o mediante algún familiar*".[3] Inconforme con la determinación, el 19 de marzo de 2025, el Recurrente presentó una *Solicitud de Reconsideración*[4] la cual fue denegada.[5] Insatisfecho aún, el 7 de mayo de 2025, el Sr. Berríos acudió ante esta Curia mediante recurso de revisión administrativa y solicitó que se le ordene al DCR que cumpla con el pago del estímulo económico.

-II-

### A. Jurisdicción

Es norma reiterada en nuestro ordenamiento jurídico procesal que los "*tribunales deben ser celosos guardianes de su jurisdicción y que no tienen discreción para asumir jurisdicción allí donde no la tienen*."[6] La jurisdicción es el poder o autoridad de los tribunales para considerar y decidir casos y controversias.[7] Ante la falta de jurisdicción, el tribunal debe así declararlo y proceder a desestimar el recurso -toda vez que cualquier sentencia dictada sin jurisdicción es nula en derecho- pues la ausencia de jurisdicción es insubsanable.[8]

---

[2] *Íd.*
[3] *Íd.*
[4] *Íd.*
[5] *Íd.*
[6] *SLG Szendrey-Ramos* v. *F. Castillo*, 169 DPR 873, 882 (2007); *Peerless Oil* v. *Hnos. Torres Pérez*, 186 DPR 239, 250 (2012).
[7] *Allied Mgmt. Grp.,* Inc. v. Oriental Bank, 204 DPR 374, 385 (2020); *Solá Moreno v. Bengoa Becerra*, 182 DPR 675, 682 (2011).
[8] *Shell* v. *Srio. Hacienda*, 187 DPR 109, 123 (2012).

Por otro lado, nuestro ordenamiento jurídico le reconoce a todo ciudadano el derecho estatutario a recurrir de las decisiones de un organismo inferior.[9] No obstante, este derecho está sujeto a las limitaciones legales y reglamentarias pertinentes, entre ellas, su correcto perfeccionamiento.[10] El incumplimiento con las reglas de los tribunales apelativos puede impedir la revisión judicial.[11] Así, las disposiciones reglamentarias que rigen el perfeccionamiento de los recursos apelativos deben observarse rigurosamente y su cumplimiento no puede quedar al arbitrio de las partes o sus abogados.[12]

A pesar de que se ha dicho que un foro apelativo debe aplicar su reglamento de manera flexible, esta aplicación se emplea únicamente:

> […] *en situaciones muy particulares, en las cuales tal flexibilidad estaba plenamente justificada, como cuando se trata de un mero requisito de forma, de menor importancia, o cuando el foro apelativo ha impuesto una severa sanción de desestimación, sin antes haber apercibido a la parte debidamente. Ninguna de tales expresiones nuestras debe interpretarse como que da licencia a las partes o al foro apelativo para soslayar injustificadamente el cumplimiento del reglamento de ese foro* […][13]

Se ha resuelto que el promovente de un recurso está obligado a cumplir con lo dispuesto en el reglamento para poder perfeccionar su recurso, ya que su incumplimiento podría acarrear su desestimación.[14] Por tanto, reiteramos

---

[9] *Isleta v. Inversiones Isleta Marina*, 203 DPR 585, 589-590 (2019).
[10] *Íd* a la pág. 590.
[11] *Montañez Leduc v. Robinson Santana*, 198 DPR 543, 549-550 (2017).
[12] *Isleta v. Inversiones Isleta Marina*, supra, a la pág. 590; *M-Care Compounding et al. v. Depto. Salud*, 186 DPR 159, 176 (2012); *Pueblo v. Rivera Toro*, 173 DPR 137 (2008).
[13] *Arraiga v. F.S.E.*, 145 DPR 122, 130 (1998). (Énfasis omitido). (Citas omitidas).
[14] *Febles v. Romar*, 159 DPR 714 (2003).

que este Tribunal tiene la discreción para determinar si

procede desestimar un recurso por incumplimiento con

nuestro Reglamento, toda vez que para poder adquirir

jurisdicción sobre un asunto es indispensable que el

recurso presentado ante este Tribunal quede

perfeccionado.[15]

**B. Regla 59 — Contenido del recurso de revisión**

Nuestro Reglamento requiere que los recursos de

revisión judicial contengan, en lo pertinente, lo

siguiente:

[…]

(B) Índice

**Inmediatamente después, habrá un índice detallado del recurso y de las autoridades citadas conforme a lo dispuesto en la Regla 75 de este Reglamento**

(C) Cuerpo

(1) Todo recurso de revisión tendrá numeradas, en el orden aquí dispuesto, las partes siguientes:

(a) En la comparecencia, el nombre de los recurrentes.

**(b) Las citas de las disposiciones legales que establecen la jurisdicción y la competencia del Tribunal.**

(c) Una referencia a la decisión, reglamento o providencia administrativa objeto del recurso de revisión, la cual incluirá el nombre y el número del caso administrativo, el organismo o la agencia o funcionario o funcionaria que la dictó, la Región Judicial correspondiente, la fecha en que fue dictada y la fecha en que se archivó en autos copia de su notificación a las partes. También, una referencia a cualquier moción, resolución u orden mediante las cuales se haya interrumpido y reanudado el término para presentar el recurso de revisión. Además, se especificará cualquier otro recurso sobre el mismo caso o asunto que esté pendiente ante el Tribunal de Apelaciones o ante el Tribunal Supremo a la fecha de presentación.

(d) Una relación fiel y concisa de los hechos procesales y de los hechos importantes y pertinentes del caso.

---

[15] *Íd.*

**(e)    Un señalamiento breve y conciso de los errores que a juicio de la parte recurrente cometió el organismo, agencia o funcionario recurrido o funcionaria recurrida.**

(f)    Una discusión de los errores señalados, incluyendo las disposiciones de ley y la jurisprudencia aplicables.

[…]

(E) Apéndice

(1) El recurso de revisión incluirá un Apéndice que contendrá una copia literal de:

(a) Las alegaciones de las partes ante la agencia, a saber: la solicitud original, la querella o la apelación y las contestaciones a las anteriores hechas por las demás partes.

(b) En el caso de la impugnación de una regla o reglamento, si no hubiere un trámite previo ante el foro administrativo, dicha regla o reglamento constituirá la primera parte del apéndice.

(c) La orden, resolución o providencia administrativa objeto del recurso de revisión que se solicita, incluyendo las determinaciones de hechos y las conclusiones de derecho en que esté fundada, cuando procedieren.

(d) Toda moción, resolución u orden necesaria para acreditar la interrupción y reanudación del término para presentar el recurso de revisión.

(e) **Toda resolución u orden, y toda moción o escrito de cualquiera de las partes que forme parte del expediente original administrativo, en los cuales se discuta expresamente cualquier asunto planteado en el recurso de revisión, o que sean relevantes a ésta.**

(f) Cualquier otro documento que forme parte del expediente original en la Agencia y que pueda ser útil al Tribunal de Apelaciones en la resolución de la controversia.

(g) En caso de que en apoyo al recurso de revisión se haga referencia a una regla o reglamento, deberá incluirse en el Apéndice el texto de la regla o reglas, o la sección o secciones del reglamento que sea pertinente o pertinentes.

(2) El tribunal podrá permitir, a petición del recurrente en el recurso, en moción o motu proprio, a la parte recurrente la presentación de los documentos a que se refiere el subinciso (1) con posterioridad a la fecha de

presentación del recurso de revisión, dentro de un término de quince días contado a partir de la fecha de notificación de la resolución del tribunal que autoriza los documentos.

La omisión de incluir los documentos del Apéndice no será causa de desestimación del recurso.

(3) El Apéndice sólo contendrá copias de documentos que formen parte del expediente original ante el foro administrativo. Cuando la parte recurrente plantee como error la exclusión indebida de alguna prueba, incluirá en un Apéndice separado copia de la prueba ofrecida y no admitida.

(4) **Todas las páginas del Apéndice se numerarán consecutivamente. Los documentos se organizarán en orden cronológico. Además, el Apéndice contendrá un índice que indicará la página en que aparece cada documento.**[16]

-III-

El recurso de revisión presentado por el Recurrente adolece de serias deficiencias respecto a los requisitos enumerados en la Regla 59 del Reglamento de este Tribunal.

Primeramente, el recurso no incluye un Índice con las autoridades citadas ni contiene las disposiciones legales que establecen la jurisdicción y competencia de este Tribunal. Por otra parte, el Recurrente no incluyó un señalamiento breve y conciso de los errores que, a su juicio, cometió la agencia administrativa.

Nuestra jurisprudencia ha sido muy clara en los límites que deben tener los tribunales cuando se trata de adquirir jurisdicción sobre un asunto. En el caso de epígrafe, el Recurrente incumplió con los requisitos sobre el perfeccionamiento del recurso, particularmente los relacionados al contenido. Dicho incumplimiento

---

[16] Regla 59 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 59. Énfasis suplido.

priva de jurisdicción a este foro, por lo que no nos resta más que desestimar el recurso por falta de jurisdicción, al amparo de la Regla 59 del Reglamento del Tribunal de Apelaciones.

-IV-

Por los fundamentos que anteceden, **_desestimamos_** el recurso de revisión administrativa por falta de jurisdicción.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones